# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00539-KDB

| | |
|---|---|
| VANESEA NWOBI,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI , Acting Commissioner of Social Security,<br><br>Defendant. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Plaintiff Vanesea Nwobi's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Ms. Nwobi, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

1

# I. BACKGROUND

On January 17, 2020, Plaintiff applied for benefits under Titles II and XVI of the Social Security Act, alleging that she had been disabled since December 20, 2019 (*See* Tr. 223-38). Plaintiff's application was denied both on its first review and upon reconsideration. (Tr. 63-80, 83-100). After conducting a telephone hearing on April 6, 2021, the Administrative Law Judge ("ALJ") denied Plaintiff's application in a decision dated April 21, 2021. (Tr. 9-24). After applying the five-step sequential evaluation process, the ALJ found that Plaintiff has not been under a disability under the Social Security Act.

On August 13, 2021, the Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the Commissioner's final decision. (Tr. 1-6). Ms. Nwobi has timely requested judicial review under 42 U.S.C § 405(g).

# II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Ms. Nwobi was disabled under the law during the relevant period.[1] At step one, the ALJ found that Ms. Nwobi had not engaged in substantial gainful activity ("SGA") since her alleged onset date; and at step two that she had the following medically determinable and severe impairments: hypertension, osteoarthritis of the

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

knees, and obesity. (20 C.F.R. 404.1520(c) and 416.920(c)). (*See* Tr. 14-16). The ALJ also evaluated Plaintiff's other impairments, including depression. *Id*. The ALJ found that Plaintiff's depression did not cause a substantial limitation in any mental functional areas or affect Plaintiff's ability to perform basic work activities. Therefore, her depression was not a medically determinable impairment. *Id*. At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 16.

The ALJ then determined that Ms. Nwobi had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps and stairs…[;] cannot climb ladders, ropes, or scaffolds…[;] occasionally balance, stoop, kneel, and crouch, but cannot crawl…[;] occasionally push and pull using bilateral lower extremities…[;] and should avoid more than occasional exposure to hazards.

(Tr. 17).

At step four, the ALJ found that Plaintiff could perform her past relevant work as a surveillance system monitor as generally and actually performed. (Tr. 19). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from December 20, 2019 through the date of his decision. *Id*.

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

3

Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises two challenges to the ALJ's decision, arguing that: (1) Ms. Berryhill was improperly serving as Acting Commissioner as defined by the Federal Vacancies Reform Act

4

("FVRA") when she ratified and approved the appointment of SSA ALJs and (2) the ALJ's evaluation of the Plaintiff's mental health is not supported by substantial evidence. As discussed below, the Court finds that neither of these arguments warrants a remand of the ALJ's decision.

The Court first finds that Ms. Berryhill was properly appointing and serving as Acting Commissioner during the relevant time frame. The FVRA imposes time limits on individuals serving as acting officials. *See* 5 U.S.C § 3346. Section 3346(a) of the FVRA provides that an acting official who is serving under the FVRA may serve (1) for 210 days beginning on the date of vacancy "or" (2) during the pendency of a first or second nomination. 5 U.S.C. § 3346(a)(1). When interpreting a statute, courts begin with the plain meaning of the text. *See Ross v. Blake,* 578 U.S. 632, 638 (2016). Here, the text of Section 3346(a) is clear. It establishes the time limits for acting service during either or both of the two enumerated periods.

Ms. Berryhill was appointed under the FVRA. (Doc. No. 14). Ms. Berryhill was designated Acting Commissioner on January 21, 2017 and served until November 16, 2017, which represented the 210-day period for acting service. Upon the nomination of Andrew Saul to be the Commissioner of the SSA, Ms. Berryhill resumed her service as Acting Commissioner until Mr. Saul was sworn in as Commissioner, or during the nomination's pendency. *See* 5 U.S.C. § 3346(a)(2). By the plain language of the statute, Ms. Berryhill was properly in office when she ratified and approved the appointment of SSA ALJs.

Other courts have considered this issue and found that § 3346(a)(2) authorized Ms. Berryhill to resume her role as Acting Commissioner during Mr. Saul's nomination. *See Thomas S. v. Comm'r,* No. C21 – 05213-MAT, 2022 WL 268844, at *3 (W.S. Wash. Jan. 28, 2022); *see also Reuter v. Saul*, No. 19-CV-2053-LRR, 2020 WL 7222109, at *15 n.11 (N.D. Iowa May 29,

5

Case 3:21-cv-00539-KDB   Document 17   Filed 06/24/22   Page 5 of 8

2020), *adopted by*, 2020 WL 6161405, at *6 (N.D. Iowa Oct. 21, 2020). Consequently, Plaintiff's first argument fails.

As for the Plaintiff's second argument, the Court finds that the ALJ did not err during the evaluation of Plaintiff's mental health and that there is substantial evidence to support the ALJ's conclusion that Plaintiff can perform past relevant work and other sedentary work. The ALJ mainly rested his conclusion that Plaintiff was not disabled on: (1) the lack of evidence in her medical records and (2) Plaintiff's own testimony.

Plaintiff argued to the ALJ that she had a mental medically determinable impairment of depression. However, the ALJ consulted the objective medical evidence and found that there was no indication in the medical record that Plaintiff had a substantial limitation in her ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; or adapt or manage herself. (Tr. 15). The record does support the finding that Plaintiff held strong religious or spiritual practices and beliefs, but this has no bearing on evidence of Plaintiff's mental impairments. (Tr. 15, 34-35, 420, 440). As noted by the ALJ, Plaintiff's treating medical provider indicated that she regularly presents psychiatric findings within normal limits. (Tr. 15, 368, 379, 422, 492). Also, in January 2020, Plaintiff's mental examination yielded results of good judgment, normal behavior, mood, and affect, and normal memory functions. (Tr. 368, 379, 404).

The ALJ confirmed these evaluations with Plaintiff's testimony during the hearing in which Plaintiff denied that she has ever being diagnosed with a mental illness. (Tr. 420). Thus, while Plaintiff suggests that the ALJ mischaracterized her mental health impairments, the ALJ found substantial evidence in the record that demonstrated no psychiatric abnormalities. Plaintiff also claims that the ALJ did not adequately develop the record. However, the ALJ need not base his RFC finding on any specific medical opinion. (Doc. No. 12, 17-18). Plaintiff also asserts that

the ALJ ignored Plaintiff's non-severe mental health impairments in his RFC. However, *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) establishes that mild restrictions need not be discussed in functional terms.

Again, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). The task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but only whether there is substantial evidence to support the ALJ's ruling. The substantial evidence standard assumes a zone of choice within which the ALJ can go either way, without interference by the courts. A decision is not subject to reversal just because substantial evidence would have supported a contrary decision. *See Dunn v. Colvin*, 607 Fed. Appx. 264, 274 (4th Cir. 2015).

In sum, the Court has carefully reviewed the record, the authorities, and the parties' arguments. The appointment of the Acting Commissioner was proper and the ALJ's conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: June 24, 2022

Kenneth D. Bell
United States District Judge